UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

KYLE WOLFE,         )
                    )
  Plaintiff,        )
                    )
  v.                )    Case No. 2:24-cv-818
                    )
RORY THIBAULT,      )
                    )
  Defendant.        )

**ORDER OF DISMISSAL**

Plaintiff Kyle Wolfe, representing himself, filed an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915, seeking to bring a discrimination action against Defendant Rory Thibault, former Washington County State's Attorney and current Vermont Superior Court Judge, under 42 U.S.C. § 12132. On November 12, 2024, the court granted his request to proceed IFP, however, his Complaint was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. Plaintiff was provided an opportunity to request leave to amend his pleading no later than December 6, 2024, and warned that if he failed to do so, his case would be dismissed. (Doc. 3 at 6–7.)

As of the date of this Order, no further filings have been received. Consequently, this case is DISMISSED without prejudice; the Clerk of Court is directed to close the case file.

Plaintiff has now sought IFP status in the District of Vermont on multiple occasions. In each of those cases, the court granted the IFP motions, however, the proposed Complaints were ultimately dismissed prior to service. This is Plaintiff's third attempt to sue Judge Thibault in this court. "[D]istrict courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment, and needless expense to [other parties] and an unnecessary burden on the

courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation marks omitted); *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) ("A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.") (internal quotation marks omitted). Accordingly, the court may prohibit an individual from filing new actions in the venue when he or she "abuse[s] the process of the [c]ourts to harass and annoy others with meritless, frivolous, vexatious[,] or repetitive [filings.]" *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981).

**Plaintiff Wolfe is warned that future repetitive filings in this District may result in a filing injunction, especially if Plaintiff has previously asserted the same claims in a previous suit that has been dismissed.**[1]

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 19th day of December, 2024.

/s/ Geoffrey W. Crawford
District Judge
United States District Court

---

[1] The court "may not impose a filing injunction on a litigant *sua sponte* without providing [that] litigant with notice and an opportunity to be heard." *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998).